UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cool Dudes LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Behnam Oroomieh, et al.,<br><br>　　　　　Defendants. | Case No. 2:25-cv-02443-APG-BNW<br><br>**Order and**<br>**Report and Recommendation** |

　　　Defendants filed a notice of removal in an attempt to remove a case from state court to this Court. Behman Oroomieh moves to proceed *in forma pauperis*. ECF No. 1. He submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Given this Court will recommend that the case be remanded, it will deny the motion to proceed in forma pauperis as moot.

**I.　　ANALYSIS**

　　**A.　　Screening standard**

　　　When a party is granted leave to proceed in forma pauperis under section 1915(a), the complaint in such action is subject to mandatory review by the Court under 28 U.S.C. § 1915(e)(2)(B).  In a typical in forma pauperis case filed by a pro se indigent plaintiff, the mandatory screening of a complaint serves to ensure that such a plaintiff benefiting from the in forma pauperis statutory scheme has presented a complaint which is legally sufficient to proceed. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed in forma pauperis is not an unqualified one. It is a privilege, rather than a right.") (citation omitted).

　　　While the indigent Defendant here (not the Plaintiff) has sought and been granted leave to proceed in forma pauperis, the plain language of Section 1915(e)(2)(B) makes clear that "the court shall dismiss the case" without regard to which party sought leave to proceed in forma pauperis under Section 1915(a). That is, Section 1915(e)(2)(B) does not limit the mandatory screening of a complaint only to those cases in which the plaintiff is proceeding in forma

pauperis. And, like the case at bar, cases sought to be removed from state court by an indigent defendant to a federal district court are appropriately screened to determine whether or not such removal is proper, including whether or not federal subject matter jurisdiction exists. *See, e.g., RM White LLC v. Ramirez*, No. 24-CV-00485-SVK, 2024 WL 1051000 (N.D. Cal. Feb. 14, 2024) (granting Defendants' in forma pauperis application and then proceeding to screen Plaintiff's complaint finding lack of subject matter jurisdiction); *cf. Crown Props., Inc. v. Primo*, No. C20-6171-BHS, 2021 WL 197345 (W.D. Wash. Jan. 20, 2021), adopting Report and Recommendation, 2020 WL 8224953 (W.D. Wash. Dec. 18, 2020) (screening petition for removal (styled as "proposed complaint") filed by Defendants under Section 1915(e)(2)(B), finding lack of subject matter jurisdiction and denying Defendants' in forma pauperis application as moot).

A complaint is subject to sua sponte dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A pro se plaintiff's pleadings are liberally construed and afforded the "benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). Because Defendant here seeks to remove the case from Nevada state court to this federal court, the Defendant is the party seeking the benefit of litigating in this forum and thus effectively stands in the shoes of a complainant by submitting this action for decision in this Court.

Under section 1915, the legal standard for whether a complaint is "frivolous" is well-known: a "case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). A complaint should be dismissed as "frivolous" under section 1915 if the court lacks subject matter jurisdiction over the action. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous under section 1915 review where subject matter jurisdiction is lacking). In *Pratt*, the Ninth Circuit noted the distinction between section 1915's "frivolousness" review for lack of subject matter jurisdiction as compared to section 1915's review for failure to

state a claim. *Pratt*, 807 F.2d at 819. "[F]ederal jurisdiction is not negated by the likelihood that a complaint may fail to state a cause of action, inasmuch as that is grounds for dismissal on the merits and not for lack of jurisdiction." *Id*. "Dismissal for want of jurisdiction may occur, however, where a claim is 'wholly insubstantial and frivolous.'" *Id*. (citing *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

**B.     Screening the complaint**

It is well-known that federal courts are courts of limited jurisdiction. *New Frontier Inv. AG v. BitCenter, Inc.*, No. 23-MC-80154-PHK, 2024 WL 459070, at *2 (N.D. Cal. Feb. 6, 2024) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A defendant may remove a civil action filed in state court to federal district court where the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The complaint in this case makes clear that all parties are citizens of Nevada. As a result, given the absence of complete diversity, this Court does not have diversity jurisdiction over this matter. In addition, the claims in question are all based in Nevada state law—they do not arise "under the Constitution, laws, or treaties of the United States." As a result, this Court does not have federal question jurisdiction over this matter either.

**C.     CONCLUSION AND RECOMMENDATION**

**IT IS RECOMMENDED** that the matter be remanded back to state court.

**IT IS ORDERED** that the clerk of court must detach and separately file the Notice of Removal (ECF No. 1-2).

**IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 17, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE